**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Thomas Herman GOUGH, III, Defendant—Appellee.**

No. 04–50407.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 30, 2005.

William Crowfoot, AUSA, USLA—Office of the U.S. Attorney, Criminal Divi-

sion, Los Angeles, CA, for Plaintiff–Appellant.

Davina Chen, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

Before BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Thomas Herman Gough III was indicted for four counts of criminal activity related to mail theft. He pled guilty to three of the counts. At sentencing, the district court imposed an 18–month sentence, which Gough has now served. The district court also imposed an alternative sentence of 51–months. The government appealed.

We find that the 18–month sentence imposed by the district was lawfully rendered under the precedent binding upon the sentencing judge at the time of the sentencing hearing. Moreover, we note that an 18–month sentence is lawful even following the Supreme Court's recent decision in *United States v. Booker. See* 543 U.S. 220, 125 S.Ct. 738, 757, 769, 160 L.Ed.2d 621 (2005) (Breyer, J.) (rendering the Sentencing Guidelines "effectively advisory"). We are aware of no authority to support the proposition that a district court may impose a conditional, alternative sentence that supplants a more lenient, lawful sentence. We therefore hold that the district court's decision to impose an 18–month

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentence, now completely and duly served by Mr. Gough, is **AFFIRMED.**

SILVERMAN, Circuit Judge, dissenting.

Federal sentencing law was in chaos at the time the district court imposed sentence in this case. No one knew how the situation would resolve, and the district court gamely tried to anticipate the possible outcomes. However, the district court did not divine exactly what occurred. It did not foresee that the Guidelines would turn out to be advisory. The contingencies necessary to invoke the 51–month sentence did not include that essential ingredient. Therefore, the 51–month sentence never came into effect. The 18–month sentence is the one that counts.

Imposed a month after *Blakely* but six months before *Booker*, the sentence of 18 months was premised on an entirely reasonable but ultimately incorrect understanding—namely, that the Guidelines were mandatory, and that in applying them, the court was limited to the facts admitted by the defendant at the change of plea. *See Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). We now know that the Guidelines are only advisory, and because of that, a sentencing court is *not* limited to the facts admitted by the defendant or found by a jury. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005).

That's too bad for the defendant, but the fact remains that the district court applied the law incorrectly. The government was within its rights to appeal. The defendant is not entitled to keep an unjustified sentencing windfall resulting from a judicial error of law. *See Jones v. Thomas*, 491 U.S. 376, 387, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989).

I would reverse the district court's sentence(s) and remand for a full de novo re-sentencing premised on the understanding that the Guidelines are not mandatory.